Ms. Mara Leveritt c/o Arkansas Times 201 East Markham Little Rock, Arkansas 72201
Dear Ms. Leveritt:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B) (Cum Supp. 1993), for an opinion on whether the Arkansas Department of Correction's decision not to release certain documents you have requested under the "Arkansas Freedom of Information Act" ("FOIA" or "act") is consistent with state law. Specifically, you have attached a copy of the Department's letter to you indicating that it does not deem certain "disciplinary letters" issued to three employees of the Department to be subject to disclosure under the FOIA at this time. It is my understanding that the letters requested are termination letters and that the reasons for termination of each employee is included within these letters. The Department has concluded that these records are subject to inspection and copying under the act only upon "final administrative resolution of any suspension or termination proceeding" under A.C.A. § 25-19-105(c)(1). The Department notes that the time for the employees to file appeals of their dismissals has not passed. The Department states that if there are no appeals, the documents may be released. If, however, an employee appeals his dismissal, a final administrative decision must be made concerning his dismissal before his termination letter may be released.
It is my opinion that the Department's decision is consistent with the provisions of the FOIA.
This office has previously opined that a termination letter may be a "job performance record" under A.C.A. § 25-19-105(c)(1). See Ops. Att'y. Gen.92-191 and 88-097. This is particularly true where the letter contains the reasons for the termination. Such a letter would "detail the performance or lack of performance of an employee within the scope of his employment regarding a specific incident or incidents," and would thus qualify as a "job performance record." See Op. Att'y Gen. 94-391. Job performance records are subject to inspection and copying under the FOIA only "upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1) (Cum. Supp. 1993). The record is exempt if the employee has administrative remedies available. Ops. Att'y Gen. 94-391, 93-185, 92-266 and 92-247.
It is my understanding that the termination letters include the reasons for termination, and as noted by the Department, the employees have administrative remedies available. It is therefore my opinion that the Department's decision is consistent with the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh